IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT W. PRESTON,

      Plaintiff,

v.                                No. CIV-14-0278 KG/LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION GRANTING IN PART PLAINTIFF'S MOTION FOR EAJA FEES[1]

**THIS MATTER** is before the Court on *Plaintiff's Opposed Motion for E.A.J.A. Award of Attorney's Fees and Costs (Doc. 32)*, filed June 26, 2015. The Commissioner filed a response in opposition to the motion on July 24, 2015 [*Doc. 35*], and Plaintiff filed a reply on July 25, 2015 [*Doc. 36*]. In his motion, Plaintiff asks the Court to award him attorney fees in the amount of **$8,238.00** as authorized by the Equal Access to Justice Act (hereinafter "EAJA") at 28 U.S.C. § 2412(d). [*Doc. 32* at 1]. The Commissioner opposes the motion because she asserts that her position was substantially justified. [*Doc. 35* at 3-5]. Alternatively, the Commissioner asks the Court to reduce Plaintiff's requested attorney fees because the hours are unreasonable. *Id.* at 6-8. The Commissioner also contends that any award of attorney fees under EAJA should be made

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

payable to Plaintiff as the prevailing party, not his counsel. *Id.* at 8. Having considered the motion, response, reply, the record in this case, and relevant law, the Court recommends that Plaintiff's motion be **GRANTED in part** and **DENIED in part**.

### *1. The Commissioner's Position Was Not Substantially Justified*

EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) there are no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). Here, the Commissioner does not contend that Plaintiff is a prevailing party or that there are special circumstances that would make the award unjust; rather, they disagree about whether the position of the Commissioner was substantially justified. *See* [*Doc. 35* at 3-5].

The Commissioner bears the burden of showing that her position was substantially justified. *See Hackett*, 475 F.3d at 1172. "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* (*quoting Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). The Commissioner must show that her position was "justified to a degree that could satisfy a reasonable person." *Hackett*, 475 F.3d at 1172 (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). A court's remand order does not mean, *ipso facto*, that the Commissioner's position was not substantially justified; that is, her "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (*quoting Pierce*, 487 U.S. at 566, n.2). However, even when the Commissioner prevails on most issues before the district court, the Court can still find that the Commissioner "acted unreasonably in denying benefits at the administrative level." *Hackett*, 475 F.3d at 1174, n.1.

In this case, this Court entered an *Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition* [*Doc. 30*], which granted in part and denied in part Plaintiff's motion to reverse or remand the administrative agency decision, and remanded this case to the Commissioner for further proceedings consistent with the Magistrate Judge's Proposed Findings and Recommended Disposition (hereinafter "PF&RD") (*Doc. 29*).  In the PF&RD, the undersigned found that the ALJ erred in his consideration of the opinions of Anne Hinton, P.A., Dr. Gzaskow, Dr. Junck, and Dr. Brown.  [*Doc. 29* at 13-14 and 16].  The Commissioner contends that her position in this case was substantially justified because Ms. Hinton did not indicate that her assessment of Plaintiff was retrospective of his condition in January 2010, and because the ALJ "carefully and reasonably evaluated the total record before him, including the records or opinions of," *inter alia*, Dr. Gzaskow, Dr. Junck, and Dr. Brown.  [*Doc. 35* at 4].  However, as explained in the PF&RD, the ALJ's reasoning regarding why he gave no weight to Ms. Hinton's opinion is not supported by the record, and the ALJ failed to properly support his rejection of her opinion because he concluded that she is not an acceptable medical source.  [*Doc. 29* at 13-14].  In addition, the ALJ committed legal error by failing to state the weight given to the opinions of Dr. Gzaskow, Dr. Junck, and Dr. Brown, and failed to discuss portions of Dr. Gzaskow's opinion.  *Id.* at 16.  The Tenth Circuit has held that where the Commissioner attempted to cure the ALJ's errors based on reasons that the ALJ did not explicitly cite, the Commissioner's position was not substantially justified and the denial of EAJA fees was improper.  *See Hackett*, 457 F.3d at 1175.  Similarly here in her response to Plaintiff's motion for EAJA fees, the Court finds that the Commissioner is belatedly attempting to cure the ALJ's errors in this case.  Therefore, the Court finds that the Commissioner's position was not substantially justified, and recommends allowing payment of attorney fees.

## *2. Plaintiff's Counsel's Hours Under EAJA*

The Commissioner next contends that Plaintiff's fee request is excessive because Plaintiff's counsel claims time for clerical tasks "such as calendaring, preparing routine pleadings or documents such as summons, civil cover sheet, and the IFP, or filing various documents." [*Doc. 35* at 7]. In her motion, Plaintiff's counsel states that she "has attempted to indicate 'no charge' on services that may appear to be administrative, even though it is the attorney who is required to perform them," and that she "did not bill for time spent on certain events such as copying and pasting boilerplate arguments or quotations, such as the 'Standard of Review' statement in the brief." [*Doc. 32* at 2]. In her reply, Plaintiff's counsel states that "[t]he time reported on the case does not reflect much administrative and clerical time spent on a case, tasks now done by lawyers at a computer, that may have been performed in another era, by staff." [*Doc. 36* at 2].

EAJA provides the award of "fees and other expenses, in addition to any costs awarded pursuant to subsection (a)." 28 U.S.C. § 2412(d)(1)(A). The United States Supreme Court has held that paralegal services are compensable under EAJA. *Richlin Security Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). Purely clerical work and overhead expenses, however, are not covered paralegal services and are not compensable under EAJA. *See Gatson v. Bowen*, 854 F.2d 379, 381 (10th Cir. 1988) (remanding EAJA fees petition to district court to determine, *inter alia*, which billings are "clerical rather than legal") and *Dalles Irrigation Dist. v. United States*, 91 Fed. Cl. 689, 708 (2010) ("[T]he filing of pleadings is considered clerical work" and, therefore, is not compensable under EAJA.).

The Court finds that some of the work for which Plaintiff's counsel has billed, such as preparing cover sheets, electronic filing, making note of court filings, downloading, and preparing

4

for service of process, is purely clerical work.  *See* [*Doc. 32-1* at 1-2].  The Court, therefore, will reduce Plaintiff's counsel's requested fee by 2.0 hours of her time from 2014 at the rate of $190.00 per hour, for a reduction of **$380.00**, for time spent doing clerical work.  The specific reductions from Plaintiff's counsel's "Declaration of Time for EAJA Application" (*Doc. 32-1* at 1-2) are as follows, with the underlined descriptions representing the noncompensable clerical or overhead billings, and the appropriate reductions in parentheses:

| Date | Description | Hours | Reduction |
|---|---|---|---|
| 3/21/14 | Finalize complaint, <u>prepare civil cover, IFP, ECF filing</u> | 1.0 | (-0.2) |
| 3/24/14 | <u>Note IFP order</u> | 0.1 | (-0.1) |
| 3/25/14 | <u>Download issued summons, prepare for SOP [service of process]</u> | 0.5 | (-0.5) |
| 5/7/14 | <u>Note Appearance by USA</u> | 0.1 | (-0.1) |
| 4/30/14 | <u>Note Appearance of SSA counsel</u> | 0.1 | (-0.1) |
| 5/28/14 | <u>Note motion and order re sealing record</u> | 0.1 | (-0.1) |
| 6/10/14 | <u>Download</u>, organize and review administrative record | 1.0 | (-0.1) |
| 6/2/14 | <u>Note order setting briefing schedule</u> | 0.1 | (-0.1) |
| 9/15/14 | Final edit, write Motion for Remand, <u>file ECF</u> | 5.0 | (-0.1) |
| 11/18/14 | Final edit and <u>file reply brief</u> | 1.2 | (-0.1) |
| 11/20/14 | <u>Review docket, rev[iew] file, submit notice of briefing complete</u> | 0.5 | (-0.5) |
| | **Total reductions:** | | **(-2.0)** |

Next, the Commissioner asks the Court to reduce the amount Plaintiff requests for attorney fees because "Plaintiff's overall request for more than 43 hours of work is excessive for this particular case." [*Doc. 35* at 8].  The Commissioner contends that the case was fairly routine, involved a relatively short (785-page) administrative record, and did not involve any oral argument or other Court hearings on the merits.  *Id.*  In her motion, Plaintiff's counsel states that

"the medical records are complex and it takes multiple reviews and analysis to fit the facts found there into the case law and regulations." [*Doc. 32* at 2]. In her reply, Plaintiff's counsel states that she "may not be the best or fastest writer in the jurisdiction, but she does her best and it requires much thought, much research, much analysis, consultation with other lawyers and repeated review of medical records and administrative record." [*Doc. 36* at 2].

"In awarding fees under the EAJA, [courts] have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." *Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004). The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise billing judgment regarding the amount of hours actually billed. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998). To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary. *See id.* The Court has a corresponding obligation to exclude hours not reasonably expended from the calculation. *See id.*

Here, Plaintiff's counsel spent approximately eighteen (18) hours reviewing the administrative record and writing the motion to reverse or remand, and over ten (10) hours writing the reply brief. *See* [*Doc. 32-1* at 2]. The Court notes that this case involved the issue of continuation of benefits, instead of an initial determination of benefits, which requires an eight-step sequential evaluation process instead of the more typical five steps. *See* [*Doc. 29* at 4]. Moreover, Plaintiff's brief included three claims, with multiple subclaims. *See id.* at 8. The Commissioner fails to state with any specificity which hours she contends were unreasonably expended or how much time she thinks Plaintiff's request should be reduced. The Court notes

6

that EAJA allows the Court "in its discretion, [to] reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C); *see also* 28 U.S.C. § 2412(d)(2)(D) (precluding the award of fees or expenses "to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings"). The Commissioner does not allege, and the Court finds no evidence, that Plaintiff engaged in conduct that unduly or unreasonably protracted the final resolution of this matter. In addition, the Commissioner fails to point to any specific billing that was excessive other than concluding that it was and citing to out-of-district cases. For these reasons, the Court finds that the Commissioner's request to reduce Plaintiff's attorney fees for time unreasonably expended should be denied.

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that ***Plaintiff's Opposed Motion for E.A.J.A. Award of Attorney's Fees and Costs (Doc. 32)*** be **GRANTED in part** and **DENIED in part**, and that Plaintiff's fee request be reduced by **$380.00** so that Plaintiff is authorized to receive **$7,858.00** in attorney fees for payment to his attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER RECOMMENDED** that, if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's attorney shall refund the smaller award to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 n.4 (2010) (explaining that, if a claimant's counsel is ultimately granted attorney fees under § 406(b) out of the claimant's benefit award, the claimant's attorney must refund to the claimant the amount of the smaller fee).

_Lourdes A. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**